1UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

| | | |
|---|---|---|
| **Sarah Olshansky,** | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: _____ |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| **WashMD, LLC and Scott Selby,** | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

1.

Plaintiff Sarah Olshansky, ("Plaintiff" or "Olshansky"), by and through her undersigned counsel, respectfully files this Complaint against her former employer, WashMD, LLC ("WashMD") pursuant to the sexual discrimination (harassment) and retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and state tort claims against both WashMD and its CEO, Scott Selby, in Counts III, IV and V of this action pursuant to this Court's supplemental jurisdiction provided for under 28 USC § 1367.

2.

Plaintiff is a resident of Marietta, Cobb County, Georgia and was employed by WashMD from August 30, 2021 through early November 2021 as a Project Coordinator when she was constructively discharged. After her constructive termination and after she filed her EEOC charge of sexual harassment, and because

she filed her charge of discrimination with the EEOC, in February 2022 she was then retaliated against by Selby and his agents.

## I.     JURISDICTION AND VENUE

3.

Jurisdiction of this Court is invoked pursuant to federal question provisions of 28 U.S.C. §§ 1331, 1337 and 1343. Plaintiff also alleges that Defendants' conduct constitutes various torts under Georgia law, and this Court has jurisdiction over those state tort claims pursuant to this Court's supplemental jurisdiction under 28 USC § 1367.  The state tort claims brought by Plaintiff in this lawsuit, civil assault and battery (Count III), intentional infliction of emotional distress (Count IV) and Negligent Retention (Count V), are so related to Plaintiff's federal claims of sexual harassment and retaliation that these claims form part of the same case or controversy under Article III of the Constitution.

4.

Defendant WashMD, LLC is a Georgia limited liability corporation whose principal place of business is located at 300 Townpark Drive, Building 1, Suite 190, Kennesaw, Georgia 30144.  WashMD, LLC can be served through its Registered Agent, Scott Selby, whose address is the same as that of WashMD.

5.

Title VII requires an exhaustion of administrate remedies, and Plaintiff has performed all conditions precedent to the maintenance of this sexual harassment and retaliation action under Title VII. Olshansky filed her charge of sexual discrimination with the EEOC, Charge Number 410-2022-02281, on January 18, 2022. Olshansky's Notice of Right to Sue for that sexual harassment charge was issued by the EEOC on March 8, 2022. The filing of this lawsuit is within 90 days of the issuance of the Notice of Right to Sue.

On March 7, 2022, Olshansky filed a retaliation charge with the EEOC and requested the Notice of Right to Sue on April 7, 2022 but it has not yet been issued.

6.

Venue is proper in this action because the conduct complained of by Olshansky occurred in Cobb County, Georgia, which is within the Atlanta Division of this Court.

## II. BACKGROUND FACTUAL ALLEGATIONS
### A. Sexual Harassment and Tortious Conduct by Selby

7.

Olshansky was employed by WashMD between August 30, 2021, and early November 2021 as a Project Coordinator. During the time that she was employed by WashMD, her superior was its owner and CEO, Scott Selby.

8.

During her employment, Plaintiff encountered frequent sexual overtures, sexual advances, and unconsented touching from her boss, Scott Selby. This illegal conduct by Selby included an instance in September 2021 being pressured to go with Selby to a "foot massage parlor," with him characterizing it as a special treat for the women who worked at WashMD. Upon arrival, however, the massage parlor featured a private room for a couple's full body massage. Selby led Olshansky into the private room, at which time, with only he and Olshansky in the room, he then stripped to his boxers to prepare for his massage. While Olshansky was lying on the table, and without her consent and much to her upset, Selby came over to her and massaged her back and rear end for several minutes.

9.

Selby would tie in his requests for time away from work with Olshansky with her need to spend time with Selby so she could "get to know him" for work purposes. In another instance in September 2021, he coerced and pressured Olshansky to go on a boat ride on Lake Acworth with just Selby and in October 2021, to meet him for a late-night movie.

10.

His meetings with Olshansky at bars and coercing her to join him for other activities were consistently characterized by Selby as work related and necessary for

Olshansky to show her "loyalty" to WashMD and Selby. Selby would tell her that these "work sessions together" were necessary since "if [she] was going to be him in the office, [she] needed to learn how [he is]." When at bars, he would without consent drink from her drink, continue to order drinks after Olshansky said "stop," in an obvious effort to get her buzzed or drunk.

11.

Further demeaning and provocative were instances in September and October 2021 when Selby pressured Olshansky to go with him on "runs" at Kennesaw Mountain and Leita Thompson Park.  During those runs, and against Olshansky's will and to her great upset and anguish, Selby without consent and with apparent lust inappropriately touched her in private places when he insisted that she get on his shoulders so he could put his head between her legs so she could "see the sunrise," as if getting on his shoulders would improve Olshansky's view of the rising sun.

12.

Oftentimes during the work day or after he would pressure her to go somewhere with him, Selby would ask to go with Olshansky to the barn where she kept her horse and wanted to "watch her" ride her horse.  He would ask her if she felt safe at home, the inference being that he wanted to go to her house to keep her safe.   He told her that she should wear more colorful clothes.  He would ask her to act like she was "his girlfriend" when in public even though he was married and had

a family, he would send text messages asking to meet her after work, he would ask "how can we fix you and me?"

13.

Olshansky initially joined Selby in bars, for runs and other activities without protest in an effort to keep her job and enhance her promotional efforts, but within several weeks of working with WashMD and Selby, she began objecting to attending these events with Selby and it should have been clear that her participation was not voluntarily, but she felt compelled because Selby was her boss. She felt compelled and pressured to meet with Selby to keep her job, that is, until the pressure was too great and she resigned her job, with such resignation being a constructive termination by WashMD and Selby in early November 2021.

14.

Based on information and belief, other female employees of Wash MD encountered the same or similar sexually harassing conduct by Selby as that which Olshansky encountered.

15.

Selby's acts were conducted not just for his personal satisfaction but rather, he used his position as the CEO of WashMD and as Olshansky's immediate superior, to maneuver Olshansky into a position where she was vulnerable and, if she was to keep her job, relatively defenseless.

## B. Retaliation by Selby

16.

Since February 16, 2022, and continuing, Selby and his friends confronted and intimidated Olshansky after she filed her EEOC charge against WashMD which accused him of sexually harassing Olshansky.

17.

From February 16, 2022 and continuing, Selby has appeared at a restaurant and bar where Olshansky usually would go on Wednesday evenings to see friends. Selby had in the past infrequently gone to that restaurant and bar, WZ, in Marietta, Georgia.

18.

On February 23, 2022, Selby and his group were drinking on the other side of the restaurant at WZ, but when Olshansky entered and sat at the bar to wait for her to-go dinner, Selby and his group then moved to the table immediately behind the bar stool where Olshansky was sitting. This was an apparent effort by Selby to intimidate and harass Olshansky because she had filed her EEOC charge. As Olshansky was leaving, one of the persons in Selby's group spoke with Olshansky and asked her "what is it you want from him," an apparent reference to the EEOC charge and allegations of sexual harassment. Olshansky viewed that as an effort to intimidate and threaten her because of her filing of the EEOC charge.

19.

On another occasion in February 2022, the General Manager of WZ, a friend of Olshansky and friend of Selby, asked her about "why [she] brought these charges." The Manager also frequently asked her "what is going on with [her] charges against Scott." Olshansky found these conversations and questions about the EEOC charge and her allegations against Selby to be frightening and intimidating and a transparent effort to get her to drop her claims.

20.

These confrontations and pointed conversations by Selby's friends have caused Olshansky extensive emotional distress and upset.

### COUNT I
### HOSTILE ENVIRONMENT SEXUAL HARRASSMENT
### PROHIBITED BY TITLE VII)
### (WASHMD)

21.

Plaintiff incorporates each of the factual allegations contained within paragraphs 1 through 20 of the Complaint above.

22.

WashMD was aware of Selby's conduct, but WashMD did nothing to stop it. In fact, due to the actions by Selby, both sexual harassment continued and became intolerable and unsafe for Olshansky.

23.

Due to the harassment by Selby as described above, Olshansky's terms and conditions of employment were substantially and adversely affected, including being unable to concentrate, she was nervous at work because of Selby's presence and because of his conduct, the working environment was intolerable and she resigned her employment in early November 2021, a resignation that constituted a constructive termination.  Selby's harassment of Olshansky was frequent, severe, humiliating and substantially affected the terms and conditions of her employment.

24.

As a result, Plaintiff has suffered a loss of both backpay and front pay and severe emotional distress.  She is entitled to an award of back pay, front pay and compensatory and punitive damages, including attorneys' fees and costs.

## COUNT II
## RETALIATION PROHIBITED BY TITLE VII)
## (WASHMD)

25.

Plaintiff incorporates each of the factual allegations contained within paragraphs 1 through 24 of the Complaint above.

26.

Since February 16, 2022, and continuing, Selby and his friends accosted, confronted, and intimidated Olshansky after she filed her EEOC charge against WashMD which accused Selby of sexually harassing Olshansky.

27.

These confrontations and pointed conversations by Selby's friends regarding her claims against WashMD and Selby as set out in her EEOC charge, were in retaliation for her filing her EEOC charge and have caused Olshansky extensive and severe emotional distress and upset.

28.

As a result, Plaintiff is entitled to an award of back pay, front pay and compensatory and punitive damages, including attorneys' fees and costs.

## COUNT III
## (CIVIL ASSAULT AND BATTERY)
## (WASHMD and SELBY)

29.

Plaintiff incorporates each of the factual allegations contained within paragraphs 1 through 28 of the Complaint above.

30.

Selby repeatedly, offensively and without consent touched and squeezed Plaintiff, out of sexual lust and rudeness, conduct which would be offensive to an ordinary person. This conduct by Selby placed her in apprehension of an imminent or offensive physical contact. WashMD is responsible for this conduct under the doctrine of *respondeat superior* since Selby was acting in his role as CEO of WashMD during the assault and battery ("you need to spend time with me so you can see what I am like").

31.

WashMD is vicariously liable for this conduct because the uncommented and offensive touching and physical conduct by Selby occurred within the scope of and in the furtherance of his job duties as CEO of WashMD.

32.

Based on this above-described conduct, Plaintiff suffered serious harm and severe emotional distress, entitling her to an award of compensatory and punitive damages in an amount exceeding $25,000.

**COUNT IV**
**(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**
**(WASHMD and SELBY)**

33.

Plaintiff incorporates each of the factual allegations contained within paragraphs 1 through 32 of the Complaint above.

34.

WashMD and Selby engaged in extreme and outrageous conduct through their tortious acts described in the factual section of this Complaint and the sexual harassment and tort allegations set out above.  The acts by Selby were in furtherance of and in the course of his employment with WashMD.

35.

Selby intended to cause, or disregarded a substantial probability of causing, severe emotional distress to Plaintiff.  A direct causal connection exists between the

above conduct and said injury, an injury which was exacerbated by the fact that Selby was Olshansky's superior and he used his position to impose his demands.

36.

WashMD is vicariously liable for this conduct because the uncommented and offensive touching, physical conduct and outrageous actions and conduct by Selby occurred within the scope of and in the furtherance of his job duties as CEO of WashMD.

37.

As a result of said conduct, Plaintiff suffered and continues to suffer from severe emotional distress.

38.

That as a direct result of the foregoing, Plaintiff has been damaged and is entitled to an award of compensatory and punitive damages in an amount exceeding $25,000.00.

**COUNT V**
**(NEGLIGENT RETENTION)**
**(WASHMD)**

39.

Plaintiff incorporates each of the factual allegations contained within paragraphs 1 through 38 of the Complaint above.

40.

Based on information and belief, other female employees of Wash MD encountered the same or similar sexually harassing conduct by Selby as that which Olshansky encountered. Moreover, Selby, as the CEO of WashMD, knew that he had engaged in such conduct in the past, which was sexually harassing, retaliatory and constituted assault and battery and the intentional infliction of emotional distress.

41.

Selby's and derivatively WashMD's failure to stop this conduct or to make any reasonable effort to stop this tortious conduct creates tortious liability for WashMD.

## **PRAYER FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiff Sarah Olshansky prays for the following relief in this matter:

(a) That Olshansky be awarded all relief available under the Title VII, including backpay, front pay, compensatory and punitive damages, costs of this matter and attorneys' fees.

(b) That Olshansky be awarded all relief available, including compensatory and punitive damages, for her claims against WashMD and Selby of civil assault and battery, in an amount exceeding $25,000.

(c) That Olshansky be awarded all relief available, including compensatory and punitive damages, for her claims against WashMD and Selby of the

       intentional infliction of emotional distress, in an amount exceeding $25,000.

(d)     That Olshansky be awarded all relief available, including compensatory and punitive damages, for her claim against WashMD of negligent retention and supervision, in an amount exceeding $25,000.

(e)     That Olshansky be granted a trial by jury as to all issues.

(f)     That Olshansky be granted injunctive and declaratory relief as appropriate; and

(g)     That the Court grant Olshansky all other relief to which he may be entitled.

This 25th day of April, 2022.

                              Respectfully submitted,

                              *By: /s/ Gary R. Kessler*
                                Gary R. Kessler
                                Gary R. Kessler P.C.
                                Georgia Bar No. 416562
                                2573 Apple Valley Road NE
                                Atlanta, Georgia 30319
                                404-237-1020 (office)
                                gkessler@martensonlaw.com
                                ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Gary R. Kessler, Esq., of Gary R. Kessler, P.C. attorney for Plaintiff, hereby certify that the foregoing is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

/s/ *Gary R. Kessler*